## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **WATERBRIDGE TEXAS OPERATING, LLC, and WATERBRIDGE HOLDINGS, LLC,** | § § § | |
| *Plaintiffs,* | § § | **PE: 23-CV-00034-DC-DF** |
| **v.** | § § | |
| **PETRO GUARDIAN, LLC,** | § | |
| *Defendants*. | | |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

TO THE HONORABLE DAVID COUNTS, U.S. DISTRICT JUDGE:

BEFORE THE COURT is Waterbridge Texas Operating, LLC and Waterbridge Holdings, LLC ("Plaintiffs") Opposed Motion to Remand to State Court ("Motion to Remand") and Motion to Strike (Doc. 6). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, it is **ORDERED** that Plaintiffs' Motion to Strike is **DENIED**. (Doc. 6). The Court also recommends Plaintiffs' Motion to Remand be **GRANTED**. *Id.*

### I. BACKGROUND

On May 31, 2023, Plaintiffs initiated this action in the 143rd Judicial District Court of Reeves County, Texas against Defendant Petro Guardian, LLC ("Petro Guardian"). (Doc. 6 at 3). Plaintiffs filed their First Amended Petition on June 27, 2023. *Id.* Plaintiffs allege Petro Guardian designed and installed a lightening protection system in a manner contrary to industry practice, resulting in a system failure and a lightning-related facility fire. *Id.* at 2–3. Almost four months later, Petro Guardian removed the action to this Court based on diversity jurisdiction. *Id.* at 3.

The parties largely dispute the citizenship of Petro Guardian. (*See* Docs. 6, 12). Petro Guardian is an LLC with two registered members, Robert F. Morris, III[1] ("Robert Morris") and Stephen D. Morris ("Stephen Morris"). (Doc. 12 at 10). Stephen Morris is Petro Guardian's registered agent in Texas, and Plaintiffs allege Stephen Morris resides and is domiciled in Texas. (Doc. 6 at 8). On September 14, 2023, Petro Guardian received an affidavit from Stephen Morris ("Morris Affidavit") in which Morris asserts he is a resident of Louisiana. (Doc. 12 at 3). Thus, according to Petro Guardian, the action is removable based on diversity of citizenship. *Id.* at 11. On September 15, 2023, one day after receiving the Morris Affidavit, Petro Guardian removed the action to this Court.[2]

Plaintiffs filed this Motion to Remand on October 13, 2023, asserting removal was improper because (1) Petro Guardian's removal was untimely and (2) Petro Guardian failed to prove Stephen Morris was not a Texas resident at the time of filing. (Doc. 6). Plaintiffs also move to strike the Morris Affidavit. *Id.* at 5–7. Petro Guardian filed a Response in Opposition ("Response"), asserting removal was timely under 28 U.S.C. §1446(b)(3) and reasserting its diversity claims. (Doc. 12). Plaintiff then filed a Reply. (Doc. 13). Accordingly, the Motion to Remand and the Motion to Strike are ripe for disposition.

## II. LEGAL STANDARD

A defendant may remove a civil action brought in state court if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins. Co.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). Tile 28

---

1. The parties do not dispute that Robert Morris resides in Louisiana.
2. On the same day, Petro Guardian removed a similar case involving the same parties from the 143rd Judicial District Court of Reeves County. Petro Guardian then moved to consolidate the two cases. Because the Court must determine whether it has subject matter jurisdiction, the Court addresses Plaintiffs' Motion to Remand before ruling on the Motion to Consolidate. *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997); *Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 548 (S.D. Tex. 2015).

U.S.C. § 1446 determines removal timeliness. Generally, a defendant must file a notice of removal within 30 days from receipt of the initial pleading. 28 U.S.C. §1446(b)(1). That said, if the case is not removable based on the initial pleading, then a defendant may file a notice of removal within 30 days after receipt of an "amended pleading, motion, order, or other paper from which it may first be ascertained" the case has become removable. *Id.* § 1446(b)(3). The 30-day removal period under § 1446(b)(3) starts when information supporting removal is "unequivocally clear and certain" from the amended pleading, motion, order, or other paper. *Bosky v. Kroger Tex.*, *LP*, 288 F.3d 208, 211 (5th Cir. 2002).

"On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." *WMS*, 244 F. Supp. 3d at 570. "Where there is a defective allegation of citizenship, a removing party may supplement its allegations to cure the defect." *Molina v. Wal-Mart Stores Tex., LP*, 535 F. Supp. 2d 805, 807 (W.D. Tex. Feb. 27, 2008) (citing *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.32d 145, 147 (5th Cir. 1979)). Any doubt as to whether removal was proper should be resolved in favor of remand. 28 U.S.C. § 1447(c).

### III. DISCUSSION

### A. Plaintiff's Motion to Strike Should Be Denied

Plaintiff moves to strike the Morris Affidavit under Federal Rule of Civil Procedure 12(f). (Doc. 6 at 5). Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). On its terms, Rule 12(f) applies only to pleadings. *Stokes v. United States*, No. 17-CV-115, 2017 WL 11717525, at *1 (W.D. Tex. Dec. 11, 2017). Rule 7(a) defines what constitutes a pleading. FED. R. CIV. P. 7(a). Under Rule 7(a), affidavits are not pleadings, and thus not subject to Rule

12(f). *See U.S. v. Coney*, 689 F.3d 365, 379 n.5 (5th Cir. 2012) (citing 5C Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE 1380, 1380 n.8.50); *Morehouse v. Ameriquest Mortg. Co.*, No. 05-CV-75, 2005 WL 8160875, at *2 (E.D. Tex. July 14, 2005) ("[Affidavits] are not materials that can be properly stricken under a procedural Rule 12(f) motion."); *see also NexBank, SSB v. Bank Midwest, N.A.*, No. 12-CV-1882, 2012 WL 4321750, at *2 (N.D. Tex. Sept. 21, 2012) (denying a motion to strike a notice of removal because it was not a pleading under Rule 7(a)). As a result, the Morris Affidavit is not a pleading under Rule 7(a), and Rule 12(f) does not apply.

Even if Rule 12(f) did apply, Plaintiff has not shown the Morris Affidavit to be redundant, immaterial, impertinent, or scandalous. A federal court making a jurisdictional determination "has wide, but not unfettered, discretion" to determine what evidence to use when making a jurisdictional determination. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Such evidence may include affidavits. *Id.*; *see Molina v. Wal-Mart Stores Tex., LP*, 535 F. Supp. 2d 805 (W.D. Tex. 2008) ("A court may consider information contained in an affidavit filed subsequent to the notice of removal to determine whether there is an adequate basis for removal."). For these reasons, it is **ORDERED** that the Motion to Strike is **DENIED**.

## B. The Morris Affidavit Is Not an "Other Paper"

Petro Guardian removed this action pursuant to 28 U.S.C. § 1446(b)(3) and asserts removal was timely. (Docs. 1 at 4; 12 at 11–12). Under § 1446(b)(3), as described above, a defendant may remove a case within 30 days after receipt of an "amended pleading, motion, order or other paper from which it may be first ascertained" the case is removable. 28 U.S.C. § 1446(b)(3). Petro Guardian contends the Morris Affidavit constitutes an "other paper," establishing complete diversity for the first time. (Doc. 12 at 14). Petro Guardian further contends it timely removed this case one day after receiving the Morris Affidavit. *Id.* at 14–15.

4

Plaintiff counters the Morris Affidavit is not an "other paper," and therefore removal was untimely under 28 U.S.C. § 1446(b)(1).[3] Thus, the threshold question before the Court is whether the Morris Affidavit constitutes an "other paper" from which it could "first be ascertained" this case was removable.

The Court finds the Morris Affidavit is not an "other paper." In the Fifth Circuit, "other paper" removal requires a "voluntary act by a plaintiff." *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 373 (5th Cir. 2021) (citing *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 254 (5th Cir. 1961)). Further, as Plaintiff argues, a defendant's subjective knowledge cannot convert a non-removable action into a removable action. *Id.* (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)). Here, there is no voluntary act by Plaintiff and Petro Guardian relies entirely on subjective knowledge to remove the action.

First, it is undisputed that Plaintiffs did not commit a voluntary act. (*See* Doc. 12 at 16). Rather, Petro Guardian argues a voluntary act by Plaintiff was not necessary, looking to our sister court's decision in *WMS. Id.*; *WMS*, 244 F. Supp. 3d at 572. In *WMS*, the defendant removed a nonremovable action under 28 U.S.C. § 1446(b)(3) alleging the plaintiff improperly joined a non-diverse defendant. *Id.* at 570–71. *WMS* embodies a long-held exception to the "voluntary act by a plaintiff" rule, also known as the voluntary-involuntary rule,[4] in the context of improper joinder: "When [a] non-diverse defendant [is] improperly joined, 'the voluntary-

---

3. Petro Guardian received Plaintiffs' Original Petition and First Amended Petition on July 10, 2023. (Docs. 12 at 3; 13 at 2). Petro Guardian removed this action more than 30 days after receipt of the Original Petition and First Amended Petition. (*See* Doc. 1). But Petro Guardian removed this action under 28 U.S.C. § 1446(b)(3), so the question is whether removal was proper under 28 U.S.C. § 1446(b)(3). (*See* Doc. 1).

4. A discussion on how the "voluntary act by plaintiff" turned into the voluntary-involuntary rule can be found in *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547–48 (5th Cir. 1967).

involuntary rule is inapplicable.'" *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 296 (5th Cir. 2019); *see also McKay v. Walmart*, No. 22-469, 2022 WL 18216079 (M.D. La. Dec. 12, 2022) (citing *Jernigan v. Ashlnd Oil, Inc.*, 989 F.2d 812, 815(5th Cir. 1993)). Thus, *WMS* is clearly distinguishable from this case, and more importantly, does not dispense with the voluntary act requirement under 28 U.S.C. § 1446(b)(3).

Second, the Morris Affidavit relies entirely on the type of subjective knowledge the Fifth Circuit addressed in *S.W.S. Erectors*. In *S.W.S. Erectors*, the Fifth Circuit held "an affidavit created by the defendant and based on the defendant's subjective knowledge cannot convert a non-removable action into a removable one." 72 F.3d at 494. The Southern District, in a nearly identical case, held an affidavit created by a defendant establishing diversity based on defendant's subjective knowledge was not an "other paper" under 28 U.S.C. § 1446(b)(3). [5] *de Vida v. Nautilus Ins. Co.*, No. H-10-1078, 2010 WL 2541806, at *3 (S.D. Tex. June 23, 2010). District courts in the Fifth Circuit, including this Court, have likewise held that defendant-created documents for the purposes of establishing jurisdiction do not constitute "other papers." *Daneshjou Fam. Ltd. P'ship v. VSD Tr. 2016-1*, No. A-23-CV-137, 2023 WL 3765550, at *2 (W.D. Tex. May 4, 2023), *R. & R. adopted*, No. 23-CV-137, 2023 WL 3765545 (W.D. Tex. June 1, 2023) (holding defendant's FOIA request to establish diversity was not an "other paper" because it was not a "voluntary act by plaintiff"); *Certified Pressure Testing, LLC v. Markel Am. Ins. Co.*, No. 20-CV-2783, 2021 WL 674124, at *3 (N.D. Tex. Feb. 21, 2021) (holding an email from defendant stating he was diverse from plaintiff was not an "other paper" because it was not a "voluntary act by plaintiff" and was created by defendant based on defendant's subjective

---

5. Petro Guardian contends the Morris Affidavit "is not the kind of subjective information addressed" in *S.W.S. Erectors*. (Doc. 12 at 15). Though not binding on this Court, the Southern District of Texas in *de Vida* found a defendant-created affidavit asserting diversity to constitute subjective information. 2010 WL 2541806, at *3. This suggests the Morris Affidavit is the type of subjective knowledge addressed in *S.W.S. Erectors*, and therefore not an "other paper."

knowledge); *Borquez v. Brink's Inc.*, No. 10CV380, 2010 WL 931882, at *6 (N.D. Tex. Mar. 12, 2010) (holding an affidavit of co-defendant's employee shedding light on other co-defendant's citizenship was not an "other paper").

In sum, the Court finds the Morris Affidavit is not an "other paper" under 28 U.S.C. § 1446(b)(3). As a result, the Morris Affidavit cannot start the 30-day removal period under 28 U.S.C. § 1446(b)(3). The undersigned therefore **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED**.

## C. Petro Guardian Did Not Meet Its Burden to Establish Complete Diversity

Even if the Morris Affidavit constituted an "other paper," the Court finds Petro Guardian did not carry its burden to establish complete diversity. "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). The party asserting federal jurisdiction bears the burden of showing diversity among the parties by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In cases removed from state court, "diversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court." *Ashford v. Aeroframe Servs., LLC*, 907 F.3d 385, 386–87 (5th Cir. 2018) (citing *Coury*, 85 F.3d at 248–49). Thus, as the removing party, Petro Guardian must show complete diversity by a preponderance of the evidence. *Id*. And since the parties only contest Stephen Morris's citizenship, the Court must determine whether a preponderance of evidence shows Stephen Morris was domiciled in Louisiana when the case was filed and removed.

When making a jurisdictional assessment, a federal court is not limited to the pleadings, and may look to any record evidence, including affidavits. *Coury*, 85 F.3d at 249. Petro Guardian submitted the Morris Affidavit with its removal notice and again with its Response. (Docs. 1-7;

12-1). For the first time with its Response, Petro Guardian also submitted an affidavit from Robert Morris ("Second Morris Affidavit"). (Doc. 12-2). Petro Guardian contends the removal notice, the Morris Affidavit, and the Second Morris Affidavit show that Stephen Morris was a Louisiana resident when the case was filed and removed. (Doc. 12 at 5, 10-11).

In response, Plaintiffs contest the sufficiency of the Morris Affidavit. (Doc. 6 at 14). Plaintiffs contend the Morris Affidavit fails to show Stephen Morris was domiciled in Louisiana at the time the suit commenced, and therefore argue Petro Guardian did not meet its burden.[6] *Id.* at 14–15. Plaintiffs also provide documents Petro Guardian filed with the Texas Secretary of State, which identify Stephen Morris as Petro Guardian's registered agent in Texas. (Docs. 6 at 4; 6-2; 6-3; 6-4). Under the Texas Business Organizations Code, as Plaintiffs point out, a registered agent for a foreign entity must be a Texas resident. TEX. BUS. ORG. CODE § 5.2.01(b)(1)(2)(A). Stephen Morris affirmed he was "an individual resident" of Texas in June 2019 and in March 2023. (Docs. 6-2; 6-3).

The Fifth Circuit recognizes a difference between *citizenship* and *residency*. *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019). "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). That said, "[c]itizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'" *Id.* (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). In other words,

---

6. Plaintiffs also contend Petro Guadian did not sufficiently allege complete diversity in the removal notice. (Doc. 6 at 13). Petro Guardian alleged its diversity in the removal notice as if it were a corporation rather than an LLC. (Doc. 1 at 3); *See MidCap*, 929 F.3d at 314 ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation."). Later in the removal notice, however, Petro Guardian relies on the Morris Affidavit and states "none of the members of Petro Guardian, LLC are residents of the State of Texas and [] all members are residents of the state of Louisiana." (Doc. 1 at 4). Since the citizenship of an LLC is determined by the citizenship of all its members, and Petro Guardian did allege "all members are residents of the state of Louisiana," the Court focuses on whether Petro Guardian proves diversity by a preponderance of the evidence. *MidCap*, 929 F.3d at 314.

to establish a person's domicile or citizenship, a removing party must show (1) physical presence in the state and (2) an intent to remain indefinitely. *Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797–98 (5th Cir. 2007).

Federal courts must consider several non-determinative factors when determining domicile. *Coury*, 85 F.3d at 251. These factors include where a person "exercises civil and political rights, pays taxes, owns real and personal property, has a driver's license and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* Statements of intent to remain in a domicile or establish a new one are entitled to little weight if conflicting with objective facts. *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003).

First, the Court finds Petro Guardian's documents filed with the Texas Secretary of State only show Stephen Morris resided in Texas from June 2019 to at least March 2023. (Docs. 6-2; 6-3; 6-4). These documents indicate Stephen Morris was physically present in Texas before this case was filed, but do not reveal an intent to remain in Texas permanently. And since an allegation of residency alone cannot satisfy an allegation of citizenship, the Court does not find these documents conclusive as to Stephen Morris's citizenship. *MidCap*, 929 F.3d at 313 (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

Second, the Court finds the Morris Affidavit establishes complete diversity at the time of removal, but not at the time of filing. In the Morris Affidavit, Stephen Morris states he resides in Louisiana in his home located at 125 Chamale Drive. (Doc. 12-1 at 3). He denies residing in Midland, Texas and affirms no members of Petro Guardian reside in Texas. *Id.* In the Second Morris Affidavit, Robert Morris also states that Stephen Morris resides in Louisiana and adds that "he intends to remain a resident of Louisiana indefinitely." (Doc. 12-2 at 3). But, as

Plaintiffs contend, neither the Morris Affidavit nor the Second Morris Affidavit state *when* Stephen Morris began residing in Louisiana. The affidavits provide no information about Stephen Morris's residence before September 14, 2023. (Doc. 12-1 at 3). The Court thus cannot determine whether Stephen Morris was a Louisiana resident at the time the state action was filed. *See SXSW, LLC v. Fed. Ins. Co.*, 83 F.4th 405 (2023) (holding diversity at the time of filing could not be determined from documents later filed because the court had no way of knowing whether those later documents reflected an LLC's membership structure at the time of filing); *Chambers v. Bielss*, No. 08-CV-372, 2008 WL 5683483, at *4 (W.D. Tex. Dec. 8, 2009) (holding plaintiff failed to show defendant nondiverse when deposition testimony did not specify defendant moved to Texas before the start of the suit); *see also Maldonando v. Bankers Standard Ins. Co.*, No. 15-6644, 2016 WL 945057, at *2 (E.D. La. Mar. 14, 2016) (finding diversity when the affidavits established defendant was diverse at all relevant times); *Nyamtsu v. Melgar*, No. H-13-2333, 2013 WL 6230454, at *3 (S.D. Tex. Dec. 2, 2013) (holding a sworn statement stating defendant's residence and domicile changed prior to the filing and removal showed diversity).

As a result, the Court finds Petro Guardian did not bear its burden of showing Stephen Morris was a citizen of Louisiana at the time of filing *and* removal. And since federal courts are "courts of limited jurisdiction," the Court "must presume [the] suit lies outside [its] limited jurisdiction." *Settlement Funding, LLC*, 851 F.3d at 537–38. Accordingly, the undersigned **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED**.

### CONCLUSION AND RECOMMENDATION

It is **ORDERED** that Plaintiffs' Motion to Strike is **DENIED**. (Doc. 6).

Further, based on the above reasoning, the Magistrate Judge recommends:

- The Morris Affidavit is not an "other paper" under 28 U.S.C. § 1446(b)(3). Accordingly, the undersigned **RECOMMENDS** Plaintiffs' Motion to Remand be **GRANTED**. (Doc. 6).

- Petro Guardian did not bear its burden to establish diversity of citizenship at the time of filing and removal. Accordingly, the undersigned **RECOMMENDS** Plaintiffs' Motion to Remand be **GRANTED**. *Id.*

It is so **ORDERED**.

SIGNED this 11th day of April, 2024.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND RIGHT TO APPEAL/OBJECT**

In the event that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation **by certified mail, return receipt requested**. Pursuant to 28 U.S.C. § 636(b), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).