## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## PECOS DIVISION

| | | |
|---|---|---|
| **WATERBRIDGE TEXAS OPERATING, LLC,** **WATERBRIDGE HOLDINGS, LLC,** *Plaintiffs,* | § § § § § § § § § § § | **P:23-CV-00034-DC** |
| **v.** | | |
| **PETRO GUARDIAN, LLC,** *Defendant.* | | |

### ORDER

This case is about jurisdiction. Plaintiffs Waterbridge Texas Operating, LLC and Waterbridge Holdings, LLC sued Defendant Petro Guardian, LLC in state court in late May 2023, amending their petition in late June. Yet Defendant did not seek removal until mid-September. To explain why removal came so late, Defendant points to Plaintiffs' petitions, which alleged Defendant was a Louisiana company "with Texas members residing in Midland, Texas." Defendant's claim is that this erroneous line prevented it from realizing its own members did not reside in Texas.

In fact, according to Defendant, it had no indication that all its members—there are only two of them—were Louisiana residents until September 14, 2023, when one member filed an affidavit in state court. In this affidavit, one of the members, who is also Defendant's registered agent in Texas with a Texas address, Stephen D. Morris, states that none of Defendant's members are Texas residents ("Morris Affidavit"). Spurred by the facts found in the heaven-sent Morris Affidavit, Defendant removed the case the next day based on diversity jurisdiction.

Plaintiffs now move for remand, contending Defendant's removal was untimely and that the Morris Affidavit failed to establish complete diversity. The United States Magistrate Judge's Report and Recommendation ("R&R") concluded that Defendant's removal was untimely, and even if timely, the Morris Affidavit did not establish diversity of citizenship at the time of removal.[1] Defendant objects to both conclusions.[2]

## LEGAL STANDARD

### I.   Objecting to a Magistrate Judge's report and recommendation.

A party may object to a Magistrate Judge's R&R by filing written objections within 14 days after being served with a copy of the report and recommendations.[3] Failure to file written objections to the R&R within the required period bars that party from requesting that the district court review the R&R de novo.[4] A party's failure to timely object to the R&R also bars the party from seeking appellate review of proposed factual findings and legal conclusions accepted by the district court unless there is clear error to which no objections were filed.[5]

### II.   Motion to remand.

When considering a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in State court of which the district courts of the United States have original jurisdiction."[6] "The burden of

---

[1] Doc. 16.

[2] Doc. 17.

[3] 28 U.S.C. § 636(b)(1).

[4] *Id.*

[5] *Id.*; *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *United States v. Wilson*, 864 F.2d 1219 (5th Cir. 1989) (per curiam).

[6] 28 U.S.C. § 1441(a).

establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."[7]

When the federal court's subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, diversity of citizenship must exist at the time of removal.[8] And "a case filed in state court may be removed to federal court only by 'the defendant or the defendants.'"[9] "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"[10]

## DISCUSSION

The key question here is whether Defendant's removal from state court was timely.

Under 28 U.S.C. § 1446(b)(1), a state-court defendant must seek removal within 30 days of receiving the initial pleading.[11] But "if the case stated by the initial pleading is not removable," § 1446(b)(3) allows a defendant to remove "within 30 days after receipt ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[12] It's undisputed that Defendant did not seek removal within 30 days of the initial pleading. Yet Defendant did seek removal one day after the Morris Affidavit was filed. So the timeliness question hinges

---

[7] *Valencia v. Allstate Texas Lloyd's,* 976 F.3d 593, 595 (5th Cir. 2020) (quoting *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998)).

[8] *Tex. Beef Grp. v. Winfrey,* 201 F.3d 680, 686 (5th Cir. 2000).

[9] *Valencia,* 976 F.3d at 595 (quoting 28 U.S.C. § 1441(a)).

[10] *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.,* 477 F.3d 320, 323 (5th Cir. 2007)).

[11] 28 U.S.C. § 1446(b)(1).

[12] § 1446(b)(3).

on whether the Morris Affidavit qualifies as "other paper" that restarts the 30-day removal clock.

As noted by the R&R, the Fifth Circuit has recently reiterated that "other paper must result from the voluntary act of a *plaintiff*."[13] That's not the case here because the Morris Affidavit was created and filed by Defendant. Defendant's objection, however, mainly relies on the improper joinder exception to this "voluntary-involuntary" rule because Plaintiffs improperly joined Defendant "through 'actual fraud in the pleading of jurisdictional facts.'"[14]

But there are problems with Defendant's arguments. First, there's no mention of improper joinder in Defendant's notice of removal or response briefing.[15] Arguments raised for the first time in objections to an R&R, as Defendant does here, are not properly before the Court.[16] Defendant's briefing did mention our sister court's decision in *WMS, LLC*.[17] But *WMS* stands only for the idea that § 1446(b)(3) "does not clearly require that a defendant first receive the 'other paper' from a plaintiff before filing a notice of removal."[18] So no, even if Defendant had argued improper joinder earlier and this Court thought *WMS* persuasive, it does not follow that "not being required to first receive other paper from the plaintiff" equals "the defendant may manufacture 'other papers' for itself."[19]

---

[13] *Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362 (5th Cir. 2021) (internal quotations removed) (emphasis in original).

[14] Doc. 17 at 5 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

[15] Docs. 1, 7 at 11–13.

[16] "*See Andrews v. United States*, 4:10-CR-152(05), 2019 WL 913873, at *1 (E.D. Tex. Feb. 22, 2019) ("New claims and issues may not, however, be raised for the first time in objections to a Report and Recommendation.") (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also Omran v. Prator*, 674 F. App'x 353 (5th Cir. 2016) (unpublished) (per curiam) (finding no abuse of discretion when district court implicitly denied argument raised for first time in objection to R&R).

[17] *WMS, LLC v. Allied Prop. & Cas. Ins. Co.*, 244 F. Supp. 3d 567 (W.D. Tex. 2017).

[18] *Id.*

[19] See *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469,   (5th Cir. 2022) (Engelhardt, J., concurring) ("If, as here, a defendant can take a post-filing, pre-removal action which the negates the claim

Second, even if Defendant's argument were properly before the Court, a survey of relevant cases throughout this circuit reveal that this doctrine usually applies to plaintiffs that improperly add an in-state defendant to destroy complete diversity with another, out-of-state defendant.[20] Here, the situation is flipped; Defendant's claim is that Plaintiff improperly joined an out-of-state defendant. What's more, the Defendant was and is the *only* defendant here. So no party was improperly *joined* to the case to game jurisdiction; it's that Plaintiff improperly sued one defendant in state court.[21]

Lastly, there is a logical problem with using a self-serving affidavit to create "other paper" under the statute. For example, § 1446(b)(3) describes a situation where there's nothing in the state-court pleadings that would, "with certainty," alert the defendant to the fact that removal is possible.[22] But if that were true, why would a defendant think it necessary to file an affidavit to support removal? And how could that defendant—after filing the affidavit that it created—then claim it is just learning of these "new" jurisdictional facts at the same time as everyone else? The logical contortions needed to answer those questions are why this Court (and others in this district) consider it "a settled rule that a defendant is unable to self-generate the evidence necessary to prompt a subsequent removal."[23]

---

against the in-state defendant, thereby triggering the improper joinder 'exception,' then the voluntary-involuntary rule does not exist in practice.").

[20] *See, e.g.*, *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 29 (5th Cir. 2019) (involving Texas plaintiffs that used two in-state defendants to prevent complete diversity with the third, out-of-state defendant).

[21] Likely realizing that "actual fraud in the pleadings" is its only defense, Defendant's tenure has morphed into more direct accusations of fraud against Plaintiffs. For example, Defendant's response states, "Plaintiffs' state court pleadings included diversity facts that disallowed Petro Guardian from 'ascertaining' its ability to remove." Doc. 12 at 13. In contrast, Defendant now argues "Plaintiffs fraudulently alleged nondiversity." Doc. 17 at 4.

[22] *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("Ascertain means to make certain, exact, or precise or to find out or learn with certainty.") (internal quotations removed).

[23] *Odar v. Felix Energy Holdings II LLC*, No. PE:21-CV-00079-DC-DF, 2022 WL 1115407 (W.D. Tex. Apr. 12, 2022), *report and recommendation adopted*, No. PE:21-CV-079-DC, 2022 WL 1514644 (W.D. Tex. May 13, 2022)

## CONCLUSION

In sum, Defendant may not self-generate a legal launch pad from which it can seek removal; the Court agrees with the R&R that the Morris Affidavit does not qualify as "other paper," which means the motion to remand should be granted.[24] Thus, after performing a de novo review of the entire case, the Court **ADOPTS** the R&R's findings and recommendations on Plaintiffs' Motion to Remand based on Untimely Removal.

It is therefore **ORDERED** that Plaintiffs' Motion to Remand be **GRANTED** and this case be **REMANDED** to the 143rd Judicial District of Reeves County, Texas. (Doc. 6).

It is also **ORDERED** that any other pending motions be **DENIED AS MOOT**.

The Clerk of the Court is **ORDERED** to **CLOSE** the case.

It is so **ORDERED**.

SIGNED this 6th day of May, 2024.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

(citing *Nanez v. Sanchez,* No. SA-08-CA-485-FB, 2009 WL 10669600 (W.D. Tex. Feb. 13, 2009), *report and recommendation adopted,* No. SA-08-CA-485-FB, 2009 WL 10669788 (W.D. Tex. Mar. 6, 2009)).

[24] Because Defendant's removal was untimely, remand is required. Thus, the Court need not analyze whether the Morris Affidavit establishes complete diversity.